**STATE of Missouri ex rel. MFA MUTUAL INSURANCE COMPANY, Relator,**

v.

**The Honorable James S. ROONEY, Judge of the Circuit Court of Clay County, Missouri, at Liberty, Division No. 1, Respondent.**

No. 51907.

Supreme Court of Missouri,
En Banc.

Sept. 12, 1966.

Thomas A. Sweeny, E. E. Thompson, Kansas City, for relator, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

Thad C. McCanse, Richard P. Bruening, Houts, James, McCanse & Larison, Kansas City, for respondent.

HOLMAN, Judge.

In this original proceeding in prohibition relator seeks to prevent the respondent circuit judge from proceeding further in the case of Joy Rollins v. MFA Mutual Insurance Company which was filed in the Circuit Court of Clay County on March 24, 1965. Copies of the petition and summons were served on Ed Duckworth, an agent of MFA, at his home in Liberty. MFA appeared specially and moved to quash service alleging that Duckworth was not an officer, partner, or managing or general agent of said defendant. That motion was overruled and said defendant again appeared specially and filed a motion to dismiss for lack of venue and lack of jurisdiction. On November 26, 1965, respondent indicated that he would overrule that motion on January 4, 1966. Upon petition of relator we issued our provisional rule.

The facts are not in dispute. They appear in the pleadings, certain affidavits filed, the contract between relator and Ed Duckworth, and in the testimony of Duckworth presented on the hearing of the motion to quash.

The suit in question was filed by Joy Rollins as assignee of Dale Boydston, an insured under an automobile liability policy issued by relator. It is alleged therein that Boydston sustained damages in the sum of $25,000 as a result of the alleged bad faith of relator in failing to settle certain lawsuits against Boydston and his wife. One of those suits was tried in the Circuit Court of Jackson County and resulted in a final judgment against Boydston in the sum of $40,000 which amount was greatly in excess of his insurance coverage.

Relator's home office is located in Columbia, Missouri, where it maintains its legal staff and underwriting department. Ed Duckworth became an agent of relator in March 1962. With the consent of relator he also became an agent of Farmers Mutual Hail Insurance Company of Missouri. He was an aviator and considered the work of writing insurance as part-time employment. At the time of the alleged service in this case he maintained an office in his home in Liberty, Missouri. His duties were to solicit and effect sales of insurance policies. He paid the rent on his office, supplied his own office equipment, and paid all other office expenses. He spent between $100 and $150 per month for advertising and was reimbursed by relator to the extent of $10 per month. Mr. Duckworth did not have authority to issue policies of insurance or to sign policies. He could bind

coverage on certain risks for a maximum of thirty days during which period relator would either accept or reject the coverage. Policies were ordinarily mailed directly from Columbia to the insured, although occasionally, because of special circumstances, Duckworth would request that the policy be sent to him and he would deliver it. He was paid by relator solely upon a commission basis. When he was advised by a policyholder that a loss had occurred he did not inspect the property or attempt to appraise the extent of damage, but would occasionally fill out claim blanks for the accommodation of the policyholder and send them to the Kansas City claims office. Generally he would just make note of the information and telephone it to the Kansas City office. In many instances he would be able to get the policyholder to report the facts directly to the Kansas City claims office. The contract between relator and Duckworth provided that "in the performance of services under the terms and provisions of this agreement, the agent is acting as an independent contractor and not as an employee of the company, and the company shall have no control over or right to direct hours or places or methods of work or whom the agent shall solicit * * *."

Duckworth was listed in the yellow pages of the telephone directory as an MFA agent. His territory for making sales was not limited but most of his sales were to residents of Liberty and Clay County—there being approximately 1,500 policies outstanding which were the result of sales made by him. He was not authorized to accept service of process, and testified that when he was served in the Rollins case he told the officer that he had served the wrong person; that he "wasn't going to accept it," but that the officer said he had instructions to give it to him. He stated that he had no instructions as to what to do with process of that kind so he mailed it to the Kansas City claims office because it "seemed the only thing for me to do with it."

The primary question presented is whether valid service of process was had upon relator in the Rollins case. If not, respondent does not have jurisdiction over the person of relator, and, since he assumes so to have, prohibition is the proper remedy to prevent further action. State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62.

The applicable venue statute reads, in part, as follows: "Suits against corporations shall be commenced either in the county where the cause of action accrued * * or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." Section 508.040 (all statutory references are to RSMo 1959, V.A. M.S.). The provision for service here involved is contained in Civil Rule 54.06, V.A. M.R., which states that "[s]ervice within the state shall be made as follows: * * * Upon a domestic or foreign corporation or upon a partnership * * * by delivering a copy of the summons and of the petition to an officer, partner, or a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof * * *." Substantially the same provisions are contained in § 506.150. Respondent does not contend that the cause of action accrued in Clay County or that relator maintained a business office in that county. He also concedes that Duckworth was not an officer, partner, or a managing agent of relator. It is his contention that Duckworth was a general agent of relator, within the meaning of Civil Rule 54.06, and was an agent for the transaction of relator's usual and customary business, within the meaning of § 508.040.

As appears from the foregoing the essential question for our determination is whether Duckworth was a general agent of relator within the meaning of the rule and similar statute heretofore mentioned. The basic rule of statutory construction is to ascertain the intention of the lawmakers from the words used, if possible, ascribing to the language its plain meaning, and to effectuate the intent found. State ex rel. Wright v. Carter, Mo.Sup., 319 S.W.2d 596.

■ The term "general agent" has been defined as "One empowered to transact all business of principal at any particular time or any particular place, a general manager." Black's Law Dictionary, Fourth Edition. "A general agent is one who is employed to transact all the business of his principal, or to transact all business of another of a particular kind, or in a particular place, or to do all the acts connected with a particular trade, business, or employment. * * * The term may be equivalent to the term 'manager.'" 2 C.J.S. Agency, § 3(c). In Bank of Ferguson v. Blick, Mo.App., 115 S.W.2d 27, 29, it is said that " 'a general agent is one whom one puts in his place to transact all of his business in a particular line,' and that 'such agent has all of the authority over the transaction of such business as the principal had.' Farm & Home Savings & Loan Association of Missouri v. Stubbs, [231] Mo.App. [87], 98 S.W.2d 320, 332." And this court has stated that "The term 'General Agent' has a well understood meaning in insurance law, and an agent who has authority to sign, countersign and issue policies is a general agent." Corder v. Morgan Roofing Co., 355 Mo. 127, 195 S.W.2d 441, 445.

■ We need not fully delineate nor attempt to illustrate our idea of the meaning of the term "general agent." It is sufficient for present purposes to state that we think that it means an agent with considerably more authority than Duckworth (whom we regard as a soliciting agent or sales agent) possessed. A somewhat similar situation was presented in Jennings v. McCall Corporation, 8th Cir., 320 F.2d 64, wherein process was served upon a sales representative of defendant. The court held that he was a soliciting agent and not a managing or general agent. Relator has also cited Litzinger v. Pulitzer Publishing Co., Mo. Sup., 356 S.W.2d 81, wherein process was served on defendant's newspaper reporter at his desk in the press room at the county courthouse. The reporter was held not to be an agent of defendant for the transaction of its usual and customary business.

Respondent has cited the cases of State ex rel. Quincy, O. & K. C. R. Co. v. Myers, 126 Mo.App. 544, 104 S.W. 1146, and Morrow v. Caloric Appliance Corporation, Mo.Sup., 372 S.W.2d 41, in support of the contention that the service herein was valid. Both cases are distinguishable from the case before us. In Myers, process was served upon the operator of a telegraphic office of defendant which was maintained for the transmission of telegraphic orders to trainmen. Such was held to be valid under a statute providing for service upon the person in charge of a business office of the defendant. In Morrow, service was had upon one Vocke who was described as a manufacturer's agent. However, he was in sole charge of the business of the nonresident corporate defendant in a large part of Missouri. He set up distributors and dealers through whom defendant had sold merchandise of the value of $2,000,000 over the preceding ten-year period. Moreover, defendant publicly advertised that it maintained a branch office in Missouri. That office (located in Vocke's home) was in charge of Vocke who was paid a commission on all merchandise defendant sold in his territory. We held that Vocke was an agent upon whom service was permitted under Rule 54.06(c).

■ Respondent has also cited Restatement, Agency 2nd, p. 15, wherein the test of a general agent is said to be continuity of service rather than the extent of his discretion or responsibility. While that test may be valuable in distinguishing between a general agent and special agent, we think it has little, if any, application in the determination of the meaning of the term "general agent" as such is used in the rule and statute we are considering.

■ Respondent has cited cases such as State ex rel. Quincy, O. & K. C. R. Co. v. Myers, supra, and Goetz v. Interlake S. S. Co., D. C., 47 F.2d 753, which state that service should be had upon an officer, agent, or employee of the corporation whose duties are such that it is reasonably certain that he will apprise the corporation of the

service. That rule does not support respondent's contention. It deals with the validity of a service statute or rule. Due process requires that provision be made for service upon a representative who is reasonably certain to notify the corporation concerning the service. However, the fact that service is had upon such a person does not make the service valid unless the process is served upon an agent or employee specified in the statute or rule. As stated in Myers, supra, "It is immaterial that copies of the summons and petition were expedited into the hands of the proper officer of relator. The only way a defendant can be brought into court to answer a cause of action asserted against him is by notice served in the form and manner provided by statute." 104 S.W. 1147. The fact that Duckworth was a man of intelligence and knew that he should forward the service papers to relator's claims office (and did so) did not make the service valid. It was also required that he be shown to have been an "officer, partner, or a managing or general agent," as specified in Rule 54.06.

 As indicated, we hold that the service upon Ed Duckworth was not valid because he was not a general agent within the meaning of Civil Rule 54.06(c), and § 506.150. In view of our conclusion it is immaterial that the sheriff's return is admittedly defective in merely reciting that Duckworth was an agent (rather than general agent) of relator. A motion has been filed seeking leave to amend the return, but, in view of our holding, no purpose would be served by such an amendment and hence the motion is overruled.

Since we have held that there was no valid service of process upon relator and hence that respondent did not acquire jurisdiction over the person of relator, we need not determine the question as to whether the venue of the Rollins case was in Clay County.

Our provisional rule in prohibition is made absolute.

All concur.