**Esther BOHLER and Robert Bohler, Appellants,**

v.

**NATIONAL FOOD STORES, INC., Herbert F. Lewis, Henry L. Lewis, Susan S. Lewis, his wife, Marlin A. Lewis and Barbara Lewis, his wife, Respondents.**

**No. 53070.**

Supreme Court of Missouri, Division No. 2.

April 8, 1968.

---

Sherman Landau and Anthony Canzoneri, St. Louis, for appellants.

Israel Treiman, Gary S. Heifetz, Shifrin, Treiman, Schermer & Susman, St. Louis, for defendant-respondent, National Food Stores, Inc.

M. E. Stokes, F. Douglas O'Leary, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondents Herbert F. Lewis, Henry L. Lewis, Susan S. Lewis, Marlin A. Lewis and Barbara Lewis.

PRITCHARD, Commissioner.

Appellant Esther Bohler, on her claim for personal injuries occasioned by a fall upon the entrance pavement and sidewalk of a shopping center, had a jury verdict and ensuing judgment against her. The verdict and judgment of appellant Robert Bohler on his claim of loss of his wife's services occasioned by her injuries were likewise against him. The claims for damages were $35,000 each.

Reversible error is contended by appellants by reason of the giving by the court of Instruction No. 8, submitting the proposition that the primary duty to keep the exterior portions of the premises (sidewalk and parking lot where Mrs. Bohler fell) was upon lessors (respondents Lewises), and such duty was not upon the lessee under the lease (respondent, National Food Stores, Inc.). It is said under Point I that the prejudicial error in this instruction is the incorporation by reference of the lease "because it concerned a matter not in issue in this case." Under Point II, it is contended that the court erroneously gave six converse instructions to offset appellants' four verdict-directing instructions contrary to M.A. I. 29.01: "Defendant may give only ONE converse for each verdict directing instruction." By Point III, appellants contend that the trial court erred in excluding testimony concerning the apparent health of appellant Robert Bohler (who did not appear and testify) because that allowed respondents' counsel to comment unfavorably upon his failure to testify.

On Friday, April 2, 1965, about 9:30 a. m., Mrs. Bohler went shopping with her husband at National's store. Mr. Bohler left their automobile about 10 or 12 cars away from the store entrance, and walked upgrade toward the front entrance. The day was dry and Mrs. Bohler was watching where she was stepping as she walked. When she was on her way, walking with no difficulty, she either kicked her foot or her toe or heel caught in something and threw her. On cross-examination she testified

that there were "bad places in it from the parking ground to the sidewalk—I guess you'd call that a sidewalk—and my foot must have hit one of those bad places because it is quite a bit there broken, broken, whatever you call that, concrete." The broken part was on the concrete. "Well, you walk up from the parking lot to it; the sidewalk is higher than what the parking lot is and it is bad in there." In some places it was a couple of inches higher and in some it was level. Mrs. Bohler knew it was there at the time she tripped over it, and having gone to the store every week she knew of concrete broken out all along the walk for about a year. The bad spots were in the sidewalk; she had seen them and always tried to step over, but this time her foot must have hit and threw her. The point where she tripped was right at the sidewalk where it was broken—all along from the parking lot to the sidewalk it was broken. When she fell she was lying completely on the concrete entrance. Mrs. Bohler punched a hole in Lewises' Exhibit A, a photograph, which was then encircled in green, as the place on the concrete upon which she fell. She placed an "X" on the exhibit (near the edge of the concrete, but on the pavement) where she believed she tripped. This exhibit shows the concrete to be some distance higher than the adjoining asphalt, as does also Exhibit B. Mrs. Bohler visited the store a year after the fall, and testified that the area was then the same as it had been and as shown in the exhibits. Plaintiffs' Exhibits Nos. 8, 9 and 10 show the same entrance area to the store, but are focused some distance to the right of where Mrs. Bohler indicated that she tripped and fell. Nevertheless, those exhibits, taken shortly after the fall, show in more detail the edge of the sidewalk, with chips of concrete out and higher than the adjoining asphalt pavement, which is shown to have cracks in it.

■ The evidence was sufficient to justify a finding by the jury that there was a defect in the pavement and sidewalk which had existed for a sufficient length of time (a year under Mrs. Bohler's testimony) for respondents to have corrected it or, having knowledge, to have been under duty to warn of the defect. As the photographs show, the sidewalk projected upward above the asphalt a sufficient distance to have caused Mrs. Bohler to catch her toe or heel, as she testified, and fall upon the sidewalk. But the main thrust of both respondents' contentions is that Mrs Bohler knew of the defective condition and therefore she cannot recover. Her testimony on direct examination in this respect is that she knew the sidewalk, in some places a couple of inches higher than the parking lot, was there when she tripped over it; she went to the store every week and had seen the area about a year or more prior to the time she tripped over it. "Q. So, that for a year, going every Friday to National Food Stores, you did see the existence of this bad place; is that what you called it? A. Well, whatever it is, broken concrete broke out all along the walk, and it is still broke." "Q. Was there broken area all along there? A. No, some places weren't so bad and some were worse. Q. Did you yourself see places that weren't so bad? A. Yes, I had seen them and I always tried to step over, but this time my foot must have hit and throwed me. Q. Were you watching where you were going at that time? A. I was watching; I always do." There was nothing in the evidence that Mrs. Bohler's attentiveness to her path and the defect existing was in any way distracted. There was nothing to indicate that her age (seventy-eight at the time of injury) had anything to do with her alertness or would cause her to undergo a moment of forgetfulness so as to cause Kitsap County Transp. Co. v. Harvey (C.A. Ninth Cir.), 15 F.2d 166, cited by appellants, to be applicable. Nor would the situation apply in Bean v. City of Moberly, 350 Mo. 975, 169 S.W.2d 393, where the plaintiff had some knowledge of the city's repairs in progress but disclaimed awareness of the defect or danger causing his injury. In Howard v. Johnoff Restaurant Company, Mo., 312 S.W.2d 55, 57 [2–4], it was said, "The basis of the defendant-proprietor's liability is de-

fendant's superior knowledge of an unreasonable risk of harm of which the invitee does not or in the exercise of ordinary care should not know. Thus, such a defendant is not liable for injuries due to dangers which are obvious, or as well known to plaintiff as to defendant. And in such circumstances there is no duty to warn [the submission here of negligence of appellants] because the invitee has the information which would be conveyed by a warning. Douglas v. Douglas, Mo.Sup., 255 S.W.2d 756. See also Stafford v. Fred Wolferman, Inc., Mo. Sup., 307 S.W.2d 468; Wattels v. Marre, Mo.Sup., 303 S.W.2d 9; Ilgenfritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S.W.2d 723." As in the Howard case, supra, the "instant case is not one where an invitee has reason to expect a condition of one kind and without warning is met by another." 312 S.W.2d 58, 59. See also Heine v. John R. Thompson Co., Mo., 330 S.W.2d 867, 870, "In these circumstances Miss Heine was not unexpectedly confronted with an unknown or lurking hazard. Thus, even though there was proof of a wet and dangerously slippery floor and a resulting fall, there is no evidence from which it is a permissible inference, within the rule, that the proprietor's negligence caused the plaintiff's injuries. (Citing cases)." See further, Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369, 373 [7]; Heidt v. Lauless, Mo.App., 348 S.W.2d 599; and Ecker v. Big Bend Bank, Mo.App., 407 S.W.2d 45.

Under the foregoing cases appellants made no submissible case against respondents. It is therefore unnecessary to consider appellants' assignments of error in the giving of instructions and exclusion of testimony as to why Mr. Bohler did not testify at the trial. Osborn v. McBride, Mo., 400 S.W.2d 185, 188 [1].

The judgment is affirmed.

BARRETT, C., not sitting.

STOCKARD, C., concurs.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.