STATE of Missouri ex rel. NORFOLK AND
WESTERN RAILWAY COMPANY, a
Corporation, Plaintiff-Relator,

v.

Honorable Robert G. DOWD, Judge of the
Circuit Court of the City of St. Louis, Di-
vision No. I, Defendant-Respondent.

No. 54495.

Supreme Court of Missouri,
En Banc.

Dec. 22, 1969.

**2**

Albert E. Schoenbeck, Schoenbeck & La-Tourette, St. Louis, for plaintiff-relator.

Burton M. Greenberg, St. Louis, for defendant-respondent, Richard D. Hatton, Jr., London & Greenberg, St. Louis, of counsel.

SEILER, Judge.

This is an original action in prohibition, wherein the railroad company is seeking to prohibit the respondent judge from ordering it to answer certain interrogatories. There was an automobile-train collision at a crossing in Warren County, Missouri, resulting in three deaths. An action for damages for wrongful death was filed against the railroad company and one of its employees by the administratrix of one of the deceased passengers in the automobile. Plaintiff served a set of 105 interrogatories, which relator says required, when subquestions and subdivisions are counted, a total of 227 separate answers. Preliminarily, we observe some of the interrogatories were phrased so that if answered affirmatively, another interrogatory depending upon an opposite state of facts would not have to be answered. In addition, many of the interrogatories were in the alternative and succeeding interrogatories came into play only if applicable. Therefore, it is not completely accurate to approach consideration of this case on the assumption that the interrogatories served required 227 answers.

The railroad company filed a general objection to all the interrogatories, which the court overruled. In the alternative, relator objected more or less specifically to 86 interrogatories, which it divided into five groups of 41, 19, 19, 2, and 5, respectively. The court considered each interrogatory separately and sustained objections to 21 interrogatories and one part of another. The court indicated its intention to overrule the objections to 42 others.

■ We hold first that the court did not exceed its jurisdiction in overruling the general objections to the entire set of interrogatories.

We are asked to announce a rule that this many interrogatories is per se oppressive and an abuse of interrogatory practice, but we decline to do so. This is primarily a matter for the discretion of the trial court. What may be too many interrogatories in one case may not be adequate in another more complicated or intricate case. Here the trial court did not agree with relator's contention the interrogatories were per se objectionable or subject to being suppressed. On the contrary, the trial court overruled the general objection to the interrogatories collectively and proceeded to consider the objections to particular interrogatories. We cannot say the court exceeded its jurisdiction in so doing. In fact, it seems pretty well demonstrated by what occurred at the trial level that despite the large number of interrogatories, some were undeniably proper, because out of a total of 105 interrogatories, specific objections (if they can be called that) were made only to 86. Twenty-two of the objections were sustained. Of those overruled, only 42 objected-to interrogatories are carried forward in this prohibition action.

It is possible that a trial court could be presented with such a mass of interrogatories that the drastic action of striking them all would be called for, State ex rel. Williams v. Vardeman (Mo.App.) 422 S.W.2d 400, 409. But our Rule 56.01,

V.A.M.R., provides the number of interrogatories is not limited except as justice requires to protect the party from undue expense, embarrassment, or oppression. This is for the trial court to pass on first, as is pointed out in State ex rel. Houser v. Goodman (Mo.App.) 406 S.W.2d 121, 125, a case where it was contended the interrogatories called for a minimum of 192 answers. It would be a rare case where an appellate court would be justified in prohibiting the trial judge who had refused to strike an entire set of interrogatories. Certainly we would not be justified in doing so here. As stated in State ex rel. Williams v. Vardeman, supra, 422 S.W.2d 1. c. 406, " * * * By overruling relator's general objections, the respondent judge has in effect ruled that the subject interrogatories were not as a whole, or in any substantial part, outside the proper scope of legitimate discovery as it is so defined. Relator has not satisfied her burden to establish that such ruling was in excess of his judicial discretion."

We do not feel justified in taking the time or space required to set forth, analyze and rule one by one on the 42 interrogatories which are before us. To do so would make this opinion interminable. We do note that the objections made before respondent by relator to specific interrogatories are far from specific. Objections such as "wholly immaterial, irrelevant and incompetent", "burdensome, constitute an annoyance, oppression and undue expense for defendant", "are not proper interrogatories, are speculative and seek information that cannot properly be required of defendant in answer to interrogatories" and "seek information that is readily available to plaintiff as to defendant, and is a lazy way of trying to get opposing counsel to prepare plaintiff's case" are for the most part conclusions and color words. They do not provide specifics as to why, because,

or for what reasons the objected-to interrogatories are subject to being so characterized, which is what specific objections should do.

At any rate, inasmuch as the trial court seemed to consider these objections were sufficiently specific to call for action on its part, we, too, will respond. We have examined the interrogatories and have considered the authorities cited and the arguments made pro and con as to whether they are proper or improper in light of what we understand the underlying litigation— the damage suit—to involve. There is no claim being made here of privilege or work product. So it gets down to whether, on the record before us, the answers sought by the interrogatories could have appeared to the trial court to be reasonably calculated to lead to the discovery of admissible evidence, Rules 56.01(a) and 57.-01(b), and whether justice required the objections be sustained to protect relator from unwarranted annoyance, expense or oppression, Rules 56.01(a) and 57.01(c).

As we look at these interrogatories one by one, we find in every instance a reasonable argument can be advanced that they are reasonably calculated to lead to discovery of admissible evidence, although in some instances a reasonable argument can also be made to the contrary, and in no instance does it appear from the record that to answer would subject relator to unwarranted annoyance, expense or oppression.[1] Under these circumstances, we cannot say respondent abused his judicial discretion by deciding the way he did when there is a reasonable basis shown for his doing so, even if we assume that had he sustained the objections, there was also a reasonable basis in the record for his doing that. Once we arrive at this evaluation of the trial judge's action, that is an end of the matter so far as prohibiting him is concerned, because it has been

---

1. If such a showing were made by relator, plaintiff below would not, of course, be foreclosed from making whatever contrary showing she could to respondent.

The matter would then have to be resolved by respondent in his sound discretion.

established over and over that prohibition will not lie to control discretionary judicial action by a lower court. If any doubt has ever existed as to the applicability of this rule to our supervision of interrogatory practice in the trial courts of this state, we make it clear here and now that it does.

As every practicing lawyer with trial experience knows, interrogatories, when served either by plaintiffs or defendants (and we should bear in mind that interrogatories are a two-way street, as available to one side as the other) frequently cause a wailing and gnashing of teeth on the receiving side. Interrogatories unquestionably do require work by the receiving side it might otherwise not have to do. Furthermore, interrogatories often require a litigant to commit himself to a definite statement of fact. Interrogatories tend to reduce the options available to the one who answers them. Unquestionably, litigants, whether plaintiffs or defendants, often dislike answering interrogatories. But as well stated in State ex rel. Houser v. Goodman, supra, 406 S.W.2d l. c. 124; "The Rules of Civil Procedure afford discovery methods designed to eliminate elements of surprise often employed as sandbags to dam the flow of information and impede the disclosure of truth. Discovery should provide a party with access to anything relevant to the proceedings and subject-matter of the case not protected by privilege. * * *" We know from practical experience and observation that Missouri discovery practice has been, overall, of great benefit in advancing the prompt and evenhanded administration of justice and disposition of cases. Interrogatories have played an important part in this process. "The primary purpose of interrogatories is to aid the litigants to find out *prior to the trial* what the facts are, so that controversial issues can be ascertained and the preparation for trial and the trial limited to them all to the end of obtaining substantial justice between the parties litigant * * *", Central & Southern Truck Lines v. Westfall GMC Truck, Inc.

(Mo.App.) 317 S.W.2d 841, 847. Interrogatories as a general rule can best be ruled on by the trial court, State ex rel. Williams v. Vardeman, supra, 422 S.W.2d l. c. 405; State ex rel. Houser v. Goodman, supra, 406 S.W.2d l. c. 124. The trial court properly has a wide discretion in this area. The proper function of the appellate court in the situation before us is to determine whether as a matter of law the trial court abused its discretion in overruling the objections to the interrogatories.

The trial court is in the best position to look at a particular interrogatory and decide whether it is vulnerable to the specific objection made to it. He can question the lawyers about the facts and their contentions. This is particularly true as to objections directed to relevancy and undue expense, oppression or annoyance, the very kind involved in the present case. He can do this informally, either in the courtroom or in chambers. He can rule orally, promptly, and without the delay involved in preparing a written opinion about each interrogatory. He can sort out what is really controverted between the parties as compared to what is only controverted on paper much better than an appellate court can ever do. He generally knows what lawyers, if any, tend to abuse the use of interrogatories, either by over-interrogating or by over-objecting. Interrogatory practice in Missouri is now of mature standing and development. It has been in active use for the past 20 to 25 years. Circuit courts have had wide experience in its administration. It is therefore to be expected that only in unusual circumstances will a circuit judge be found to have abused his discretion in this field to the point where he should be prohibited. As pointed out in State ex rel. Hof v. Cloyd (Mo. Sup. banc) 394 S.W.2d 408, 411, the appellate court is not equipped to deal with a volume of applications to regulate the use of interrogatories, nor should there be any need for such recourse.

Parties also should realize the fact a writ is denied does not mean the trial

court is error-free. It means only that the trial court has not exceeded its jurisdiction to the point where a writ will lie. The alleged erroneous action of the court can still be preserved and presented on appeal from final judgment in the regular course of the litigation, State ex rel. Houser v. Goodman, supra, 406 S.W.2d l. c. 124.

Preliminary writ ordered discharged.

All concur, except STORCKMAN, J., absent.