**Cloied TINKER and Mabel Tinker, His Wife, Appellants,**

v.

**ST. JOSEPH LEAD COMPANY, a Corporation, Appellee.**

**No. 20379.**

United States Court of Appeals, Eighth Circuit.

March 1, 1971.

J. Richard Roberts, Samuel Richeson, Dearing, Richeson, Roberts & Wegmann, Hillsboro, Mo., for appellants.

F. X. Cleary, J. C. Jaeckel, St. Louis, Mo., for appellee; W. Oliver Rasch, Bonne Terre, Mo., of counsel.

Before GIBSON and BRIGHT, Circuit Judges, and McMANUS, Chief District Judge.

McMANUS, Chief District Judge.

Appellants in this removed action seek damages and loss of consortium allegedly resulting from personal injuries to Cloied Tinker, a state mine inspector The jury returned a verdict for defendant appellee. We affirm.

Appellant Cloied Tinker was injured while inspecting one of appellee's limestone mines near Elvins, St. Francois County, Missouri. At the time of the accident he was standing in a room in No. 8 mine on the edge of a ditch constructed for the laying of track. The ceiling or roof was about 70 feet high at this point. Appellant was some 35 to 40 feet from a brow observing miners knocking off "loose" when he was struck by falling rock.[1] No other work was going on in the area.

Appellants urge two grounds on appeal: First, the contributory negligence instruction was erroneous; second, it was error to refuse to give plaintiffs' requested instructions No. 1 and No. 2 which would have submitted the case to the jury on a theory of negligence *per se*. We need not specifically reach either of these questions since we hold that appellants failed to make a submissible case.

■■■ As a state mine inspector Cloied Tinker occupied the status of an invitee while in appellee's mine. Jennings v. Industrial Paper Stock Co., 248 S.W.2d 43 (Mo.App.1952). There was no evidence showing any breach of duty by the appellee. Clearly, appellee had no duty to warn the mine inspector about the danger of loose since it was because of his experience and knowledge of mines that he was appointed an inspector.[2] The proprietor is not liable for injuries resulting from dangers that are obvious, or as well known to the invitee as to the proprietor. Bohler v. National Food Stores, 425 S.W.2d 956 (Mo.1968).

■■■ Moreover, there is a total absence of evidence establishing any notice or knowledge on the part of appellee as to the condition of the roof at the point from where the rock fell or establishing that by the exercise of ordinary care the appellee could have discovered the likelihood of the loose falling from the roof. Cloied Tinker himself testified that no one can tell when loose will appear. Three other witnesses, Mr. Hammonds, Mr. Rentfro and Mr. Lewis, testified that loose can form in a matter of hours.

Implicit in our holding that appellants failed to make a submissible case is the construction of section 293.110(1) of the 1969 Missouri Revised Statutes contrary to that construction urged by appellants. Section 293.110(1) provides:

All working places shall be secured sufficiently to protect employees working at the face from falls of roof, ribs, or face. Loose top and overhanging or loose faces and ribs shall be supported adequately or taken down.

Appellants contend that this section was enacted for the benefit of state mine inspectors as well as employees of the mine.

---

1. The mining process used in this mine is the room and pillar method. A "room" is the area left after a pocket of ore is mined out. The roof or ceiling, called the "back," is supported by pillars of unmined limestone. The walls are called "ribs." The miners work at the "face," i. e. part of the rib or "brow," (inverted bluff). Loose rock which forms on backs, ribs and brows is known as "loose."

2. "The director shall appoint two coal mine inspectors and four non-coal mine inspectors, each of whom shall have had at least five years' experience and one year of practical mine safety training in the type of mining for which he is appointed * * *" 1969 Mo.Rev.Stat. § 293.640 (1).

We are unable to find any Missouri case law interpreting section 293.110(1). "Our function, therefore, is to ascertain as best we can how this statute would be construed by the courts of Missouri." In re Jackson, 268 F.Supp. 434, 442 (D.C.Mo., aff'd sub nom. Zuke v. Mercantile Trust Co. National Ass'n, 385 F.2d 775 (8th Cir. 1967). The basic rule applied by Missouri courts in construing statutes "is to ascertain the intention of the lawmakers from the words used, if possible, ascribing to the language its plain meaning, and to effectuate the intent found." State ex rel. M. F. A. Mutual Insurance Co. v. Rooney, 406 S.W.2d 1, 3 (Mo.1966).

■ We are convinced that the Missouri legislature enacted Chapter 293, Mining Regulations, to insure that all of the mines in the state were safe for mine employees. Numerous references are made throughout the chapter to protecting the health and safety of the "employees."[3] The chapter is not concerned with the safety of state mine inspectors. Under the Missouri rules of statutory construction:

> Provisions not found plainly written or necessarily implied from what is written "will not be imparted or interpolated therein in order that the existence of [a] right may be made to appear when otherwise, upon the face of [the statutes], it would not appear." (citing cases)

Missouri Public Service Co. v. Platte-Clay Elec. Co-op., 407 S.W.2d 883, 891 (Mo.1966). There is nothing in either section 293.110(1) or in the entire chapter on Mining Regulations taken as a whole that indicates any intention on the part of the legislature that the word "employee" was to include anyone other than the employees of mining companies. We ascribe to "employee" its plain meaning and, therefore, hold that section 293.-110(1) was not enacted for the benefit of state mine inspectors. State ex rel. M. F. A. Mutual Insurance Co., *supra*.

The legislative intent was clearly for protection of mine employees only.

The instructions given and refusal to give the requested instructions were not prejudicial since plaintiffs failed to make a submissible case. Judgment for defendant is affirmed.

BRIGHT, Circuit Judge (concurring).

I concur in the result. From my review of the record, I believe the plaintiffs made out a submissible case for the jury, although a weak one. The trial court properly instructed the jury on the issues of negligence and contributory negligence.

---

3. See for example §§ 293.050, .100, .470, .510, .550, .560, .570, 1969 Mo.Rev.Stat.