**STATE of Missouri ex rel. David R. PAGLIARA, Relator,**

v.

**The Honorable Harry J. STUSSIE, Judge of the Circuit Court of St. Louis County, Missouri, Div. No. 2 of the Twenty-First Judicial Circuit of the State of Missouri, Respondent.**

No. 38587.

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 22, 1977.

Daniel G. Tobben, St. Louis, for relator.

Finch, Bradshaw, Strom & Steele, John P. Bradshaw, Cape Girardeau, for respondent.

McMILLIAN, Presiding Judge.

This is an original proceeding whereby relator seeks a writ of mandamus to compel reinstatement of his suit which respondent judge had dismissed for lack of proper venue.

The pertinent facts may be simply stated. Defendant, Gideon-Anderson Lumber Company (hereinafter referred to as Gideon-Anderson) is a domestic manufacturing and marketing corporation with its central offices in New Madrid County in Gideon, Missouri. The company employs William O'Connor as its "special representative" in St. Louis for solicitation of orders for beverage cases from several large St. Louis buyers. O'Connor also solicits orders in four other midwestern states. The sale of beverage cases constitutes about one-third of Gideon-Anderson's diversified business. Gideon-Anderson maintains no regular office or desk for O'Connor in its Gideon, Missouri, facilities. O'Connor maintains and pays for a St. Louis County business post office box. He testified that he receives business calls at his home and uses a company credit card for business calls made from his residence. ·

Relator commenced employment with Gideon-Anderson in October, 1974. Relator's employment was terminated in July, 1975, ostensibly because he refused to move from St. Louis to Gideon, Missouri. Following termination, Gideon-Anderson issued a service letter to relator pursuant to § 290.-140.[1]

Relator's suit against Gideon-Anderson was in two counts. Service was properly made on Gideon-Anderson's president at his home in St. Louis County. Count I of relator's petition alleged wrongful termination of employment. Count II was based on the service letter issued to relator. Relator's brief attempts to characterize Count II as an action for damages for libelous statements allegedly contained in the service letter. A reading of Count II of relator's petition filed in the trial court, however, reveals that the basis of this count is simply the allegation that the service letter was untrue.

Relator contends that venue for both counts of his action was proper in St. Louis County under § 508.040 because the defendant corporation maintains "an office or agent for the transaction of their usual and customary business" in St. Louis County. Relator further contends that venue as to Count II, the "libel" count, can be found in St. Louis County under the first publication rule of § 508.010(6) on the basis that the first publication of the "libelous" letter occurred when relator received the letter in St. Louis County. Defendant asserts that

1. All statutory references are to RSMo 1969.

tests for the sufficiency of agency to legitimize service of process under Rule 54.-13(a)(3) are equally applicable to determination of the propriety of venue and, therefore, denies that the presence of its St. Louis County employee, William O'Connor, represents a sufficient presence in St. Louis County to amount to the maintenance of "an office or agent for the transaction of their usual and customary business." Finally, defendant contends that respondent judge has made a factual determination of the alleged bases for venue and that such a determination is not properly reviewable by a writ of mandamus.

■ Relator has previously filed an appeal in this court from the trial court's dismissal order. By a per curiam opinion of August 31, 1976, this court's dismissed relator's appeal because the trial court's order was not a final, appealable order under § 512.020. The court suggested that the relator might properly seek a writ of mandamus to obtain relief. Relator then instituted this mandamus action. A peremptory writ issued November 16, 1976. We find that, under a proper interpretation of the statutory requirements for venue, there is no defensible basis for the dismissal for lack of venue and, therefore, make the writ of mandamus absolute.

■ As we have noted, relator's brief characterizes Count II of his action as an attempt to recover damages for allegedly libelous material contained in the service letter issued by Gideon-Anderson. Undeniably allegations in a service letter may give rise to a libel action, see e. g., Williams v. Kansas City Transit, Inc., 339 S.W.2d 792 (Mo.1960) and venue in libel actions is controlled by § 508.010(6) which provides that "in any action for defamation or for invasion of privacy the cause of action shall be deemed to have accrued in the county in which the defamation or invasion was first published." Relator's theory that first publication for venue purposes may occur when and where the libelous material is received by the plaintiff has been adopted by some

Missouri courts, see, e. g., Wright v. Great Northern Ry. Co., 186 S.W. 1085, 1087 (Mo. App.1916); Bedell v. Richardson Lubricating Co., 226 S.W. 653, 656 (Mo.App.1920); Jacobs v. Transcontinental & Western Air, Inc., 205 S.W.2d 887, 894 (Mo.App.1947) quashed on other grounds 358 Mo. 674, 216 S.W.2d 523 (1948), but severely criticized by other Missouri courts, see, e. g., Howard v. Wilson, 195 Mo.App. 532, 192 S.W. 473, 475 (1917); Jacobs v. Transcontinental & Western Air, Inc., supra, at 895–6 (dissenting opinion by Cave, P. J.). Fortunately, we need not become embroiled in this controversy because venue in St. Louis County for both counts of relator's action is justifiable under § 508.040, the general venue statute for suits against corporations.

Section 508.040 provides that:

"*Suits against corporations, where commenced*

"Suits against corporations shall be commenced either in the county where the cause of action accrued, or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this state, then in either of such counties, or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

We have discovered no Missouri cases elucidating the meaning of "office or agent for the transaction of their usual and customary business." In support of its contention that "agent" as used in § 508.040 must be defined as that term is defined under Rule 54.13(a)(3), the rule controlling service of process in suits against corporations, respondent directs our attention to three cases. None of the cases is persuasive or even clearly relevant.

In the first case cited by respondent, *State ex rel. M.F.A. Mut. Ins. Co. v. Rooney,* 406 S.W.2d 1 (Mo. banc 1956), Judge Holman found that defendant's agent upon whom service was made was not a "general agent" so as to make service of process

adequate, *id.* at 4. The court expressly declined to decide any issue of venue, *id.* at 5. In another case cited by respondent, *Litzinger v. Pulitzer Publishing Co.,* 356 S.W.2d 81 (Mo.1962), plaintiff brought a libel action and sought to predicate venue in St. Louis County on the bases that the libelous matter had been published in the county and, therefore, accrued in St. Louis County under § 508.040 and/or that the presence of defendant's reporter in the county allowed the corporate defendant to be "found" in the county within the meaning of § 508.010(1). The sufficiency of agency for venue under § 508.040, as involved in the present case, was not at issue in *Litzinger.* In the final case cited by respondent, *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62 (1956), the issue was the sufficiency of agency to satisfy the due process requirements of service of process statutes, *id.* at 66. The court did note that venue was not established under § 508.040 because defendant corporation maintained *no* office or agent in the county where the suit was instituted, *id.* at 65. The broad statement of the *Weinstein* court that "service statutes and venue statutes are necessarily construed together," *id.* at 66, does not convince us, as argued by respondent, that it would be "ridiculous" to define agent for venue purposes differently than defined for jurisdiction and service of process statutes.

■ We are of the opinion that "agent" as used in § 508.040 need not be defined in the same way as it has been defined in service of process cases. Initially, we note that in *State ex rel. Whiteman v. James,* 364 Mo. 589, 265 S.W.2d 298 (1954), the Missouri Supreme Court suggested in dicta that a foreign corporation, which is a sole defendant, could be sued in any county in which it maintains an office or place of business even though its registered agent and office may be in another county, *id.* at 299. Additionally, the Missouri Supreme Court has recognized the narrow definition and special significance of "general agent" as used in the service of process statutes. Section 508.040 is not drafted in terms of a "general agent" but simply requires that

the agent be one for the "transaction of their (the corporations) usual and customary business." The legislature's failure to utilize the term of art "general agent" in § 508.040 arguably suggests a distinction between venue and service of process statutes. Finally, and perhaps most significantly, we observe that § 508.040 allows for venue in suits against corporations where the cause of action accrued irrespective of the presence of any office or agent of the defendant corporation in that locale. This broad provision for venue in suits against corporations clearly suggests that the criteria for venue are not identical to the tests for sufficiency of service of process. " . . . The requirements of jurisdiction are grounded in the state's inherent judicial power while requirements of venue are grounded in convenience to litigants . . . ." 77 Am.Jur.2d, Venue, § 1, p. 832.

■ In light of the policy of broadly subjecting corporations to suit, we conclude that there is no reason to narrowly define "agent" as used in § 508.040. The standard definition of "agent" as "a person authorized by another to act for him, one intrusted with another's business," Black's Law Dictionary, p. 85 (4th Ed. 1968), seems sufficient to serve the convenience objectives to which venue statutes are directed. Under this broad definition of "agent," the trial court's dismissal of the relator's cause of action for lack of venue was without justification in the evidence. All of the evidence indicated that O'Connor's status at least rose to the level of a person authorized by Gideon-Anderson to act for it on a regular basis in its St. Louis County sales efforts. Venue was, therefore, proper in St. Louis County under § 508.040.

Accordingly, the writ of mandamus is made absolute.

SMITH and STEWART, JJ., concur.