STATE of Missouri ex rel. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Relator,

v.

The Honorable James L. SANDERS, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.

No. 38562.

Missouri Court of Appeals, St. Louis District, Division Four.

Sept. 6, 1977.

Kortenhof & Ely, K. Steven Jones, St. Louis, for relator.

James F. Koester, Inc., James F. Koester, St. Louis, for respondent.

NORWIN D. HOUSER, Special Judge.

Original proceeding in prohibition by which relator, State Farm Mutual Automobile Insurance Company, sought to prevent Honorable James L. Sanders, Judge, Circuit Court of the City of St. Louis, from proceeding further in the case of *Herring v. State Farm Mutual Automobile Insurance Company,* pending in that court.

The issues raised by the pleadings are (1) whether service of process on Robert Andreae constituted valid service on State Farm, and (2) whether the City of St. Louis is the proper venue.

On the validity of service upon
Robert Andreae

Rule 54.13(a)(3) provides: "Personal service within the state shall be made as follows: * * * Upon a domestic or foreign corporation * * *, by delivering a copy of the summons and petition to an officer, * * * or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process."

Exhibits attached to relator's petition and answers to interrogatories show these facts:

Robert Andreae and relator entered into a written agreement styled "State Farm Agent's Agreement," by which Andreae was appointed agent of the several State Farm companies. The preamble emphasizes that the agent is an independent contractor. Section I 1. provides that the

agent shall solicit applications for insurance, collect initial premiums, membership fees and charges, countersign and deliver policies, reinstate and transfer insurance, assist policyholders, cooperate with adjusters and advance the interests of the companies, the agents and the policyholders. Section I 2. declares that the agent is an independent contractor for all purposes, with full control of his activities, with the right to exercise independent judgment as to time, place and manner of soliciting insurance, servicing policyholders and of carrying out the provisions of the agreement. By other provisions of the agreement State Farm agreed to supply the agent with forms, records, etc. Office expenses, including rental, furniture, equipment, signs, supplies not furnished by the company, salaries, telephone, postage, advertising, etc. were to be incurred at agent's discretion and paid by agent; promotional advertising would be paid for by the company; agent agreed that fulfillment of the agreement would be agent's principal occupation, and not to write or service insurance for any other company. State Farm reserved the right to prescribe policy forms and provisions, premiums, fees and rules governing binding, acceptance, renewal, rejection or cancellation of risks. Agent agreed not to represent himself as having any powers except those authorized by the agreement, and was specifically denied authority to extend time of payment of premiums or to alter, waive or forfeit any of State Farm's rights. Agents are paid on a commission basis under Section IV. Affidavits and interrogatories disclose that a sales agent does not have authority to issue or sign policies of insurance, or to accept service of process on behalf of State Farm, but does have authority to bind coverages for no more than 30 days pending acceptance of an application by State Farm at its home office. Policies of insurance are written and signed by the corporate officers of State Farm and are issued at the home office.

Sales agents have authority to countersign and deliver policies.

Respondent claims the service upon Mr. Andreae is sufficient because he is a general agent of State Farm; that he is a general agent because he had power to countersign and deliver policies, and issue 30-day binders, and because State Farm purchased national advertising and advertised in the yellow pages of the telephone directory, at its own cost or on a cooperative basis with Mr. Andreae, who is listed in those pages. The case of *State ex rel. MFA Mutual Ins. Co. v. Rooney,* 406 S.W.2d 1 (Mo. banc 1966) controls the question whether Mr. Andreae is a general agent of State Farm. That case holds that a general agent is "an agent who has authority to sign, countersign and issue policies." He must have the authority to do all three things, not any one of them, as respondent claims.[1] Mr. Andreae does not have authority to sign policies and issue policies. Such authority is required to make of him a general agent. The authority to countersign policies, which is a mere act of authentication, is not alone sufficient. He is not a general agent of State Farm within the definition of general agent contained in *State ex rel. MFA Mutual Ins. Co. v. Rooney, supra,* 406 S.W.2d l. c. 4. Consequently, service of process upon Robert Andreae did not constitute service of process upon State Farm, and the circuit court has no authority to proceed in *Herring v. State Farm Mutual Automobile Insurance Company.*

Since there was no personal service upon a general agent of State Farm the question whether the venue was properly laid in the City of St. Louis is immaterial and need not be ruled upon in this proceeding.

Preliminary writ of prohibition made absolute.

SIMEONE, C. J., and ALDEN A. STOCKARD, Special Judge, concur.

1. The conclusion that he is a general agent if he has power to do any one of the three things, drawn from certain unfortunate language inadvertently used in *Gaines v. Berkshire Life Ins. Co.,* 228 Mo.App. 319, 68 S.W.2d 905, 907[5] (1933), is unsound.