**STATE of Missouri, ex rel. CAMERON MUTUAL INSURANCE COMPANY, Relator,**

v.

**The Honorable Jack L. KOEHR, Circuit Judge, St. Louis City Circuit Court, Respondent.**

No. 63214.

Missouri Court of Appeals, Eastern District, Writ Division Six.

March 30, 1993.

Kemper R. Coffelt, Coffelt & Coffelt, P.C., Clayton, for relator.

Thomas M. Kendrick, St. Louis, for respondent.

AHRENS, Judge.

Relator, Cameron Mutual Insurance Company, seeks a writ preventing respondent, a Judge in the Circuit Court of the City of St. Louis, from exercising jurisdiction in the underlying action and requiring respondent to vacate his order overruling relator's motion to dismiss for improper venue. Prohibition is an appropriate remedy where venue is improper. *State ex rel. Miller's Mut. Ins. Ass'n v. Sanders*, 538 S.W.2d 708 (Mo. banc 1976). Our preliminary order in prohibition is made absolute.

Relator is the defendant in a lawsuit filed in the Circuit Court of the City of St. Louis by plaintiff, Leamon W. Asher. Plaintiff's first amended petition seeks damages from relator for injuries sustained by plaintiff in an accident with an uninsured motorist, pursuant to uninsured motorist provisions of an insurance policy issued to plaintiff by relator. In his first amended petition, plaintiff alleged the accident occurred in St. Charles County; relator is a Missouri corporation licensed to do business in Missouri which "sold insurance contracts and insurance policies through its agents, servants and employees in the City of St. Louis";

and relator "as part of its usual and customary insurance business authorized individuals, corporations and entities to perform property damage appraisals and investigate automobile accidents and automobile claims in the City of St. Louis...."

By special appearance, relator filed a motion to dismiss on the grounds of improper venue and expressly denied it sold insurance policies through agents, servants, and/or employees located in the City of St. Louis. Relator's motion was accompanied by an affidavit of relator's vice president of claims, Dale Fairchild. In the affidavit, Fairchild asserted relator does not keep an office or agent in the City of St. Louis for the transaction of its usual and customary business. He stated the company in the City with which relator contracted to do appraisals and investigations, Allmark Services, Inc. (Allmark), is an independent adjusting firm engaged to perform such work on an occasional basis for specific accidents. Fairchild further asserted Allmark's appraisals and investigations were nonbinding and used by relator only to evaluate specific claims. Lastly, Fairchild denied Allmark was an agent for the transaction of relator's "usual and customary business."

Relator also filed an affidavit of its president, Edgar A. Walvoord, in which Walvoord asserted relator "does not have or keep a business office or officer, partner or managing or general agent for the transaction of its usual and customary business in the City of St. Louis...." In answers to interrogatories propounded by plaintiff, relator stated it had authorized Allmark to do property damage appraisals in the City of St. Louis since April 1, 1990, and utilized Allmark in the City of St. Louis for the purpose of investigating accidents or claims since April 1, 1990.

■ Venue in suits against corporations is proper "where the cause of action ac-crued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." § 508.040 RSMo 1986.[1] The parties agree that venue is proper in the City of St. Louis only if Allmark is an agent for the transaction of relator's usual and customary business.

■ Relator contends venue is improper because an independent insurance adjuster is not an "agent" within the meaning of § 508.040. In particular, relator contends Allmark is an independent contractor which provided relator a service, and argues Allmark is not engaged in relator's "usual and customary business," the selling of insurance. Relator further asserts it did not entrust its business to Allmark and contends respondent's decision to overrule relator's motion to dismiss is inconsistent with the policy of convenience to litigants served by venue statutes, in that it is improper to subject an insurance company to venue in any county where it employs an independent adjusting company.

The definition of an "agent" for purposes of § 508.040 is not limited to the narrow definition of a "general agent" as used in the service of process statutes; rather, an "agent" is more generally defined as "a person authorized by another to act for him, one intrusted with another's business." *State ex rel. Pagliara v. Stussie*, 549 S.W.2d 900, 903 (Mo.App.1977) (citing BLACK'S LAW DICTIONARY 85 (4th ed. 1968)).[2] However, cases where our courts have found agency for purposes of § 508.040 primarily involve agents authorized to sell a product and bind the corporation: *State ex rel. Cameron Mut. Ins. Co. v. Reeves*, 727 S.W.2d 916 (Mo.App.1987) (independent insurance agency which represented several companies and which had authority to bind relator insurance company for insurance coverage and solicit and submit applications for insurance to rela-

---

**1.** All statutory references are to RSMo 1986, unless otherwise indicated.

**2.** In *Pagliara*, the corporation employed a "special representative" who solicited orders for sales of beverage cases, which constituted one-third of the corporation's sales. *State ex rel. Pagliara v. Stussie*, 549 S.W.2d 900, 901 (Mo.App.1977). On that evidence, the court found the representative was authorized by the corporation to act for it on a regular basis in its sales efforts in St. Louis County, and held venue proper under § 508.040 RSMo 1969. *Id.* at 903.

tor); *State ex rel. Wilson v. Sanders,* 745 S.W.2d 735 (Mo.App.1987) (independent agents who placed insurance with several companies, who had authority to solicit and submit applications of insurance for insurer and bind insurer in limited circumstances); *Ball v. American Greetings Corp.,* 752 S.W.2d 814 (Mo.App.1988) (sales representatives solicited orders for corporation products, had authority to bind corporation to employment contracts, and district manager who supervised sales representatives worked out of his home in county where venue was sought). In this case, Allmark is an independent adjusting firm hired to perform occasional, nonbinding appraisals and investigations which relator uses only to evaluate specific claims. Thus, *Pagliara, Cameron, Wilson,* and *Ball* are distinguishable on factual grounds.

Respondent cites us to *State ex rel. Ford Motor Co. v. Dierker,* 766 S.W.2d 691, 695 (Mo.App.1989), and argues Allmark is an agent within the intendment of § 508.040 although it is without power to bind relator. However, *Ford* is inapposite to this case. There, we concluded Ford had authorized and entrusted its dealers with conducting its warranty business where the dealer was required to incorporate Ford's warranty in the contract of sale, deliver Ford's warranty to the purchaser, perform all warranty and policy service and give precedence to the warranty service over all other service work, use only Ford parts, and direct any complaints regarding dealer service to Ford. *Id.* at 694. No such authorization and entrustment appears here. Although Allmark provides a service to and for relator, Allmark is neither authorized to act for relator nor entrusted with relator's business. Rather, relator merely retained Allmark on an occasional basis to perform nonbinding appraisals and investigation of accidents.

■ We are mindful of the policy of broadly subjecting corporations to suit and recognize that the requirements of venue are grounded in convenience to litigants. *Pagliara,* 549 S.W.2d at 903. However, we do not believe convenience to litigants and the broad provision for venue in suits against corporations require us to extend the definition of an "agent" for venue purposes to include an independent adjuster hired by an insurance company to perform occasional, nonbinding investigation, adjustment, and appraisal services wherever an accident occurs. We decline to so hold.

We conclude Allmark is not an agent of relator within the meaning of § 508.040. Accordingly, venue is improper in the City of St. Louis. Our preliminary order in prohibition is made absolute. Respondent is directed to take no further action in the case, except that respondent shall forthwith transfer the case to a circuit court in which it could have been brought in accordance with § 476.410 RSMo (Supp.1992).

GRIMM, P.J., and STEPHAN, J., concur.