**John Dwayne BLESSING, and Mary Alice Blessing, Respondents,**

v.

**BOY SCOUTS OF AMERICA–Heart of America Council, a corporation, and Ralph Myron Rosebrook, Appellants.**

**No. WD 30786.**

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 2, 1980.

Application to Transfer Denied Jan. 13, 1981.

Jack G. Beamer and Lee E. Wells, of McKenzie, Williams, Merrick, Beamer & Wells, Kansas City, for appellants.

Robert L. Shirkey, Kansas City, for respondents.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from an order setting aside a jury verdict and granting a new trial upon the basis of error in the admission of evidence. That an appeal will lie from such order, see Rule 81.01. The judgment is affirmed and the cause remanded for trial upon all issues.

In summary, appellants allege the trial court erred in granting respondents a new trial on the basis that it was error to have permitted testimony of respondent John Blessing upon cross–examination; that said respondent had made claim for and had received benefits under the terms of an insurance policy because (a) admission of such evidence was not error as it was competent, relevant and material to the issues of proximate cause, nature and extent of injuries and to the credibility of said respondent; (b) said evidence, being admissible for some purposes but not for all purposes, was properly admitted under respondents' instruction, which limited the purpose and use of such evidence by the jury, and (c) the admission of such evidence was discretionary with the court, and the court thereafter, having declared the admission of such evidence as prejudicial to respondents, misconstrued the law applicable to the admission of such evidence.

Disposition of this appeal turns upon events which occurred after the initial close of the evidence, so a brief recital of the

facts giving rise to this action suffices. Respondent, John Blessing, plaintiff below, was a passenger in a motor vehicle which was struck from the rear by a motor vehicle being operated by appellant Rosebrook. Respondents seek recovery for damages as a result of personal injuries received and loss of consortium. Rosebrook was sued jointly with his employer, Boy Scouts of America. The collision occurred October 22, 1975.

Liability was a relatively minor issue at trial, and emphasis by both parties centered upon the claimed injuries and the medical testimony surrounding those claimed injuries.

At the time of the collision, John Blessing was on sick leave from his employment as a school teacher. He had been under medical treatment since 1961 for several complaints. A short time prior to the collision, he had been reassigned to a particular public school. This assignment had made him nervous and upset and in lieu of accepting the assignment, he requested and was granted placement on sick leave.

Following the collision, Mr. Blessing was examined in a local hospital emergency room and was dismissed. Thereafter, he received treatments from a chiropractor which continued until September, 1976. In this same period, he was seen by two medical doctors and a Ph.D. psychologist. Psychological testing, along with various kinds of medicine, was administered to him. On August 3, 1976, the psychologist again tested Mr. Blessing and concluded the test results were partially consistent with multiple sclerosis.

On succeeding dates, Mr. Blessing was admitted to area hospitals and examined. Physical and neurological examinations reflected essentially normal conditions, but his spinal fluid protein count was elevated. Based upon the foregoing examinations, tests, and the discovery of the elevated spinal fluid protein count, Mr. Blessing's medical doctor concluded he suffered from multiple sclerosis as a direct result of the collision of October 22, 1975.

Appellants, upon order of the court, secured an examination of Mr. Blessing. The expert testimony of appellants indicated that respondent did not have multiple sclerosis caused by the collision, that respondent did not suffer from multiple sclerosis at all, that this respondent had actually little neurological defect in his lower extremities (although this respondent claimed complete disability), that respondent John Blessing, if personally motivated, was a good candidate for rehabilitation, that personal motivation is important in rehabilitation and that this respondent's prior medical problems, and not the collision, contributed to his present physical condition.

After a lengthy trial, inclusive of the above–referred–to medical and expert testimony, the evidence was closed. At this juncture, a conference was held between counsel for both parties and the court, outside the presence of the jury, and appellants were permitted to further cross–examine Mr. Blessing. The further cross–examination was permitted over respondents' objection.

The proceedings returned to the courtroom in the presence of the jury. The additional cross–examination proceeded and was directed at determining whether or not Mr. Blessing had been receiving disability payments pursuant to an insurance policy secured through his employer. The policy was referred to as a Salary Protection Plan. This examination revealed that Mr. Blessing had been receiving the benefits, and that the benefits, if based on illness, provided a payment term of one year. The examination further revealed that for accidental disability, the employment insurance coverage provided a payment term of five years. Mr. Blessing testified that shortly following the collision, he made claim under the salary protection coverage for payment based upon accidental injury. The examination further revealed that by this subsequent application, Mr. Blessing was to receive the sum of $400.00 per month for the extended period of five years.

At the outset of this further cross–examination, respondents, in addition to present-

ing an objection thereto, requested and secured the following cautionary jury instruction from the court:

"THE COURT: All right. This has been discussed out of the hearing. The defendant proposes to prove that he had a policy which pays him for total disability, but pays for a longer period of time if the injury was caused by accident than it would if it was caused by illness. So the Court is admitting this testimony for whatever weight the jury may wish to give it on the question of the plaintiff's credibility or motivation for claiming his injury resulted from an accident, but the Court specifically instructs the jury, they are not permitted, and must not, consider any payment he has received under his insurance policy in mitigation of the damages. That is, they would not deduct from whatever damages, if any, they assess in favor of Mr. Blessing against the defendant. They may not deduct any of these payments.

You may proceed."

The jury returned a verdict in the sum of $5,000 for respondent John Blessing and $500 for respondent Mary Blessing (wife) on her claim of loss of consortium. Respondents filed their motion for new trial. The post–trial motion listed several grounds for new trial, but upon this appeal, only ground number 4 bears any consideration. Number 4 reads:

"4. Prejudicial error was committed by the Court when, over plaintiffs' objections, the Court, at the insistence of the defendants, admitted evidence that John Blessing had a disability insurance policy that paid him $400.00 per month for 60 months as a consequence of the injuries he received on October 22, 1975, which insurance policy premiums had been paid by John Blessing and under the collateral source doctrine should not have been admitted as evidence whereby plaintiffs' damage award was diminished, resulting in bias and prejudice in favor of defendants and against plaintiffs;"

The trial court set aside the verdict and granted respondents' motion for new trial.

The court advised counsel for both parties of its ruling by mail, and the pertinent portion of that notice reads as follows:

"I am sorry to have to advise you that I made a mistake in permitting defendant to prove that plaintiff made a claim for disability benefits under an insurance policy.

It is agreed that, even though such benefits cannot be used to reduce damages, the making of the claim may be proven if such proof tends to resolve some other legitimate issue. *Stanziale vs. Musick*, 370 S.W.2d 261 (Mo.1963) demonstrates that principle. But there, when plaintiff made her claim for sick benefits, she did not claim it was caused by trauma. She said the complaints started on a certain date with no 'known cause.' This was inconsistent with her claim at the trial that her complaints resulted from the accident for which she blamed Musick.

By contrast, in our case, plaintiff's claim for the benefits was consistent with his claim in his damage suit. In both instances he claimed his problem was caused by the accident involving defendant's vehicle. Reduced to its simplest terms, we permitted defendant to impeach plaintiff by showing a *consistent* statement. It is well known that this is not permissible–because it does not impeach.

Defendant's counsel advanced a proposition, accepted by the court at the trial: The prime issue in this case is whether or not plaintiff's serious physical condition was caused by the accident. Plaintiff claims it was. But, if his claim is false, he had a good reason, or motivation, independent of this lawsuit, for so claiming.

The answer is, if his claim is true, he had an even better motivation for making the claim for the benefits as he did. For it to be admissible, we would have to assume, without proof (which we mustn't do) that his motivation was dishonest.

If defendant's position were valid, proof of virtually all payments from collateral sources would be proper, such as,

where plaintiff had been paid workmen's compensation, had a disability policy covering accidental injuries, and where he had collected under uninsured motorist coverage, then sued a third driver, *Kaelin vs. Nuelle*, 537 S.W.2d 226 (Mo.App.1976).

Errors of this nature are presumed to be prejudicial. *Kickham vs. Carter*, 335 S.W.2d 83 (Mo.1960). The court has no discretion.

The evidence was not admissible for any reason. Therefore, telling the jury they could not use it to mitigate damages cured nothing. And telling them they could use it in determining plaintiff's credibility was a clear misdirection.

I have this date entered the following order:

'Pursuant to plaintiffs' motion, they are granted a new trial because the court erred in permitting, over their objection, testimony that plaintiff John Blessing made claim for, and received, benefits under the terms of an insurance policy.'"

Following the above order, the trial court amended the above order, which read:

"The Court's order of February 22, 1979 is amended by inserting, after the words 'new trial,' the words 'on all issues.'"

This appeal followed.

As can readily be observed, respondents premised their motion for new trial upon alleged error by the trial court in the admission of the above–referred–to additional testimony of respondent John Blessing on the question of insurance disability benefits. Respondents premise their attack upon the Collateral Source Rule. The trial court undertook consideration of respondents' motion, was persuaded it was correct and in detailed and meticulous manner, advised the parties of its ruling and the reasons therefor.

On this appeal, appellants contend the post–trial action by the trial court was error. In summary, appellants argue that the additional evidence concerning the disability insurance proceeds was competent, relevant and material to the issue of proximate cause, nature and extent of injuries alleged by respondent John Blessing. In addition, appellants argue such evidence was admissible as related to the credibility of respondent John Blessing as a witness. In addition, appellants argue that even though such evidence was inadmissible for some purposes, respondents were properly protected as a result of the instruction given by the court (set out earlier in this opinion) which admonished the jury as to the applicability of such evidence and the limited scope of use of such evidence in their deliberations.

Appellants further argue that the admission of such evidence was discretionary with the trial court, and that since the trial court, in setting aside the verdict and granting the motion for new trial, declared it had no discretion in the admission or exclusion of such evidence, the trial court misconstrued the law applicable to the admission of such evidence.

■ The Collateral Source Rule is recognized in our state, and a tort–feasor is not permitted to mitigate or reduce damages against him by virtue of or as a result of his proving a plaintiff has received or will receive indemnity, compensation or restoration for a loss derived from some collateral source, see *Iseminger v. Holden*, 544 S.W.2d 550 (Mo. banc 1976).

Appellants argue that the additional evidence related to the receipt of insurance benefits was admissible to prove that respondent John Blessing was not totally disabled as a result of the collision, and that said evidence was not secured to reduce or mitigate any damages which might be assessed against appellants. In support of this argument, appellants contend the cautionary instruction given by the court provided adequate protection to respondents upon this point.

Appellants argue the instant case falls within the rule set forth in *Stanziale v. Musick, supra*, a case decided by our State Supreme Court which permitted cross–examination of a plaintiff regarding receipt of insurance payments. In *Stanziale*, such evidence was permitted to demonstrate the

inconsistency in the plaintiff's stated cause of her disability. Appellants argue that inconsistency existed in the instant case regarding Mr. Blessing's claim of total disability. Appellants also argue that to claim accident benefits was to respondents' economic advantage as opposed to injuries received in the collision, and that Mr. Blessing's election to receive extended insurance benefits under a claimed accidental benefit bore on the issue of whether or not Mr. Blessing ever intended to return to work at his new job assignment.

This court is not persuaded that the instant case falls under the rule in *Stanziale*. In that case, plaintiff made claim for sick benefits from a specified date. The evidence in that case included the plaintiff's medical history taken by a physician. That history included the declaration by the plaintiff that she had "occasional back trouble for some time" and that "her present difficulty in the upper back started about two weeks ago without any particular *known cause*" (emphasis added, *Stanziale, supra*, at 267). Upon trial, plaintiff then alleged her condition was traumatic and attributable to the collision in question, thus presenting an obvious inconsistency which the court permitted to be attacked by inquiry relative to the receipt of sick benefits.

■ In the instant case, benefits claimed by Mr. Blessing under the disability insurance coverage were consistent with the claim set forth in these proceedings. The net result of permitting the additional evidence, as was correctly declared by the trial judge, was the impeachment of respondent John Blessing's testimony upon a showing of a *consistent* as contrasted with an *inconsistent* statement. (See *Stanziale v. Musick, supra*.) That being the net result, and the record bears out such result, it was error for such evidence to be admitted.

■ Evidence which shows that an injured party has received insurance payments is presumed to be prejudicial upon the concept that a tort–feasor is not permitted to receive the benefit of insurance payments from another source. To permit such

evidence would tend to deny to an injured party recovery benefits to which he or she would be entitled from some other source, see *Kickham v. Carter, supra.*

The record herein reveals that the disputed evidence was not admissible to impeach respondent John Blessing's testimony, hence, appellant's argument as to materiality, relevancy and credibility must fail.

■ The only remaining question is whether or not the cautionary instruction given prevented the jury from considering such evidence in mitigation of damages. The instruction was premised upon the determination of Mr. Blessing's credibility, and once that question fades from consideration, this court is left with only one conclusion: that the instruction directed such evidence toward mitigation of damages, a result which the collateral source rule prohibits. Appellants' argument that respondents' failure to further object to this evidence is without merit as the record reveals respondents initially objected to the submission of this evidence. Respondents' failure to raise repeated objections to this evidence did not waive their rights under the Collateral Source Rule.

Although argued by the appellants that the trial court misconstrued the law, this court cannot agree for the reasons set forth above. This court finds the disposition of this appeal falls under the long accepted line of authority applying the Collateral Source Rule, ranging from the case of *Dillon v. Hunt*, 105 Mo. 154, 16 S.W. 516 (1891) to more recent authority expressed in *Kaelin v. Nuelle, supra*, wherein the court declared at 237, " . . . rather, it would appear that the plaintiff received these funds by reason of a contract of insurance between himself and his insurer and defendant Cathey is not thereby entitled to any benefits thereby."

This court finds the action taken by the trial court in setting aside the jury verdict and in granting respondents a new trial was in all respects correct. The error, and all subparagraphs therein alleged by appellants are, for the reasons set forth above, taken up and ruled against appellants.

The judgment herein is affirmed and this cause is remanded for trial upon all issues.

All Concur.