William BURROUS, Plaintiff-Appellant,

v.

AMERICAN AIRLINES, INC.,
Defendant-Respondent.

No. 43332.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 31, 1982.

C. John Pleban, St. Louis, for plaintiff-appellant.

Parks G. Carpenter, St. Louis, for defendant-respondent.

STEPHAN, Judge.

We affirm judgment on the jury's verdict in favor of defendant in this trip-and-fall personal injury case.

Before discussing the trial errors claimed by the appealing plaintiff, we turn our attention to criticisms made of the briefs filed by the parties.

■■■ Defendant urges this court to penalize plaintiff in accordance with Rules 84.08, 84.19 and others on the grounds that plaintiff's points on appeal are without merit, unsupported by authority, and otherwise frivolous. We disagree. As indicated below, plaintiff made a good faith effort by raising important questions of trial procedure and practice, the answers to which were not always simple or obvious. See *Means v. Sears, Roebuck and Company,* 550 S.W.2d 780, 789 (Mo.banc 1977). Defendant also accuses plaintiff of violating the proscription of Rule 84.04(d) against long lists of citations in briefs. Plaintiff's briefs present us with a surfeit of cases. See *Younge v. State Board of Registration for the Healing Arts,* 451 S.W.2d 346, 348 (Mo. 1969). Defendant claims to have been "[e]ntertained, but not enlightened" by these cases. We do not share in defendant's amusement. Only some of the cases are, arguably, on point or illustrative of the principles for which they were cited. Verbose briefs tend to be more burdensome than helpful, however, and our refusal to

impose sanctions in this case should not be viewed as approval. See *Norman v. Ballentine,* 627 S.W.2d 83, 85 (Mo.App.1981).

■■■ Plaintiff also draws our attention to what purports in defendant's brief to be a quotation from *Blankenship v. St. Louis Public Service Co.,* 71 S.W.2d 723 (Mo.1934). Quotation marks are used and the quoted words indented; however, the quoted words, as such, do not appear in the body of the opinion. The purported quotation is apparently defendant's interpretation of what *Blankenship* holds. We are confident that this was a careless error and not an attempt to misstate the law, for an arguably similar statement appears on page 727 of the opinion. Use of the "quote," nevertheless, was potentially misleading and cannot be condoned. See *Moore v. Rollmo Corporation,* 575 S.W.2d 859, 861 (Mo.App. 1978). We now proceed to the merits.

Plaintiff, in the course of his employment as an electrician in St. Louis, fell from a ladder on or about February 26, 1977, and sustained an injury to his lower back. He was hospitalized until the morning of March 2, 1977. That afternoon he left St. Louis on a trip to Phoenix, Arizona, where he intended to recuperate. He traveled via defendant's airline. Following a stopover in Dallas, Texas, he boarded one of defendant's jets for the final flight of his journey and occupied a window seat at the rear of the aircraft. Shortly after takeoff, he left his seat to use the restroom, fell on the way to the main aisle, and cut his head when he struck the galley wall across from his row of seats. That evening plaintiff was again in a hospital, this time in Phoenix.

According to plaintiff, he fell on the defendant's airplane because he tripped over a portable luggage carrier in his row. Plaintiff filed this action against defendant alleging that the luggage carrier came into his path as a result of defendant's negligence, causing him to fall and injure his head and neck and to reinjure his lower back. He sustained a vertical scar above the right eyebrow approximately ¾ inches long, and suffered continuing headaches and back pain.

Plaintiff prayed for damages in the amount of $75,000.

Prior to the trial of this case, plaintiff also sought recompense through the Division of Workers' Compensation for the back injury sustained in the on-the-job fall of February 26, 1981. Plaintiff's primary allegation of error on this appeal concerns the admission of evidence of the settlement of the Workers' Compensation claim, which he argues violates the collateral source rule.

Evidence of the workers' compensation settlement was brought out by the defendant on three occasions, each time over the plaintiff's objection.[1] The first occasion was during cross-examination of plaintiff and the second was during cross-examination of plaintiff's medical witness. Defendant also used documents found in plaintiff's "workmen's compensation file" as part of its case.

In chambers, plaintiff strenuously objected to any use of that file and also urged in the alternative that no dollar amounts be mentioned. The judge ruled that defendant could introduce evidence of the fact of the workers' compensation settlement without revealing the amount of money received by plaintiff. This is what was done.

Defendant read to the jury a portion of a report from plaintiff's doctor indicating that as a result of the fall at work plaintiff was in constant pain, could not work and was, to a degree, permanently disabled. Defendant then informed the jury, by reading from the transcript of the compromise settlement, that plaintiff had agreed his fall from the ladder caused a ten percent loss of use of the body as a whole. The loss was referable to the low back. The compromise provided that he would accept a lump sum settlement, a portion of which was to be paid from the second injury fund.

The collateral source rule is recognized in Missouri, so that a tortfeasor is not permitted to mitigate or reduce damages against him by proving a plaintiff has received indemnity or compensation for an injury or loss from some other source, such as insurance, *Blessing v. Boy Scouts of America,* 608 S.W.2d 484, 488 (Mo.App. 1980), or workers' compensation benefits, *Sampson v. Missouri Pacific R. Co.,* 560 S.W.2d 573, 584 (Mo.banc 1978). An alleged tortfeasor may, however, introduce evidence to show that he did not cause the plaintiff's injury, but that the injury and damages sued for were pre-existing or caused by some unrelated event. Such evidence may be prior claims by the plaintiff against other tortfeasors for similar injuries, *Cammarata v. Payton,* 316 S.W.2d 474, 478 (Mo.1958), or a settlement of such a claim as compensation for earlier injuries, *Allen v. Andrews,* 599 S.W.2d 262, 265 (Mo. App.1980). Admission of such evidence is predicated on some conflict or inconsistency between the plaintiff's claim or theory of causation in his suit against the defendant and his earlier claims or admissions.[2] If a plaintiff asserts that a defendant is responsible for an injury to a particular part of his body, the defendant is entitled to show that on another occasion the plaintiff attributed injury to the same part of his body to a different person or event. *Eickmann v. St. Louis Public Service Co.,* 363 Mo. 651, 253 S.W.2d 122, 125 (1952). Such evidence is relevant to the central issue of causation and is not "collateral" to plaintiff's cause of action against the defendant.

In the instant case, plaintiff alleged he reinjured his back in his fall on the airplane and attempted to prove damages, including medical expenses, loss of wages and pain and suffering. The collateral source rule does not prevent the defendant from resisting these efforts with otherwise

---

1. Plaintiff objected that the evidence was not germane, material, relevant or of probative value to any issue, but that it was prejudicial, inflammatory and misleading. Such complaints were continued in the motion for new trial and indicate plaintiff was raising the collateral source rule.

2. Evidence of other claims or recoveries also may be admitted to impeach a plaintiff who falsely denies other possible causes for damages sought from the defendant. *Stanziale v. Musick,* 370 S.W.2d 261, 268 (Mo.1963); *Jackson v. Thompson,* 358 Mo. 1001, 218 S.W.2d 97, 98 (1949).

admissible descriptions of the plaintiff's health which attributed the same type of injury and the same damages, in whole or part, to a fall which occurred four days before plaintiff boarded defendant's jet. *Eickmann v. St. Louis Public Service Co., supra; Allen v. Andrews, supra.* Plaintiff requested no cautionary instruction and elected not to inform the jury of the exact amount of the workers' compensation settlement. The trial court did not abuse its discretion by overruling plaintiff's objections to the admission of evidence of that settlement.

At a pretrial conference defendant's counsel indicated his intention to read from the deposition of a doctor who had treated plaintiff in Arizona. Plaintiff's objections to the use of this deposition, that it had been taken only for discovery purposes and that defendant had not established the doctor's unavailability, were overruled. Prior to the presentation of defendant's case there was an additional discussion in chambers and defendant's counsel indicated he would omit a portion of the direct examination of the doctor when the deposition was read. The omitted portion began at the point where plaintiff objected to the form of a hypothetical question and ended where the hypothetical question was rephrased. Omitted were questions and remarks concerning the deponent doctor's ability to give an opinion concerning conclusions reached by the doctor who examined the plaintiff in St. Louis. Plaintiff made no objection to this omission but indicated he would read the cross-examination portion of the deposition. After the direct examination was read to the jury, however, plaintiff requested permission to read certain isolated comments from the portion that had been omitted. The trial court denied this request because of the earlier agreement that those matters would be excluded and because it was not "proper rebuttal." Plaintiff asserts this was reversible error.

It is the general rule that when one party reads a portion of a deposition the opposition may read some or all of the remainder in explanation. See *Ayres v. Keith,* 355 S.W.2d 914, 921 (Mo.1962). In the instant case, however, plaintiff wanted to present to the jury isolated portions of the omitted testimony out of context. See *Conner v. Neiswender,* 232 S.W.2d 469, 473 (Mo.1950). The trial court has broad discretion in its rulings on the use of depositions. Cf. *Kunzler v. Estate of Kunzler,* 598 S.W.2d 139, 145 (Mo.banc 1980). We find no such abuse here, especially in view of the prior agreement of the parties. The point is denied.

There were four flight attendants working on the March 2, 1977, flight from Dallas to Phoenix. Three of them testified, in person or by deposition. At the pretrial conference plaintiff announced he would comment on the absence of the fourth flight attendant when he argued his case. On appeal, however, plaintiff claims that he was prevented from commenting on the absence of this witness and that this was prejudicial error which requires reversal. But defendant represents in its brief that plaintiff, did comment at closing argument. The transcript on appeal shows no mention of this point during the discussion in chambers which preceded closing arguments. The arguments themselves were not transcribed. We cannot resolve a question based solely on conflicting assertions in the parties' briefs and not otherwise part of the record on appeal, *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343, 346 (Mo.App.1980). Therefore, we rule the point against plaintiff.

Since we affirm the judgment, we need not address defendant's point on appeal that it was entitled to a directed verdict, except to note there was sufficient evidence supporting each side for the matter to go to the jury.[3] We will not consider plaintiff's final argument for reversal, i.e., that the jury's verdict was against the

---

**3.** Even though not an appealing party, defendant may attack rulings of the trial court in an effort to sustain a judgment in his favor. *Sen-*

*ter v. Ferguson,* 486 S.W.2d 644, 648 (Mo.App. 1972).

greater weight of the credible evidence. This point preserves nothing for review. *Stanziale v. Musick*, 370 S.W.2d 261, 265 (Mo.1963); *Shell-Con, Inc. v. Architectural Concrete, Inc.*, 486 S.W.2d 662, 663 (Mo. App.1972).

The judgment is affirmed.

STEWART, P. J., and CRANDALL, J., concur.