Nathan JOHNSON,
Plaintiff-Respondent,

v.

NATIONAL SUPER MARKETS, INC.,
Defendant-Appellant.

No. 50002.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 1986.

Motion for Rehearing and/or Transfer
Denied May 28, 1986.

**456**

John Karl Springborn and James Allan Gottschalk, St. Louis, for defendant-appellant.

James C. Brandenburg, Clayton, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant appeals verdict and judgment for actual and punitive damages. Plaintiff submitted his claim for personal injuries on the theory of general negligence and relied on the doctrine of res ipsa loquitur.

On October 5, 1981, Nathan Keith Johnson, a customer and invitee of defendant National Super Markets, Inc. (National), was struck on the head by some cement and dry wall plaster which fell from the underside of an outside canopy. National was aware of a problem with the canopy and had written its landlord requesting repairs in 1978, 1979 and 1980. Plaintiff sustained head, neck and back injuries. He testified that he had never made any other claim for injuries to his head, neck or back. He denied that he had ever used the name, "Keith Johnson."

Defendant sought to impeach plaintiff by offering evidence and testimony that "Keith Johnson" had made and settled a later claim against National for head injuries sustained on February 7, 1982 at a different location. Defendant offered its store manager at the other store, Roger Schone, as a witness who would testify that plaintiff Nathan Keith Johnson was the same person as "Keith Johnson" who had settled the later claim. The trial court sustained an objection to this testimony and excluded the witness because defendant National did not disclose the witness in responding to plaintiff's interrogatory which requested the names of individuals who had personal contact with plaintiff after the incident on October 5, 1981. Defendant explained for the record that Schone did not know that "Keith Johnson" was the same person as Nathan Keith Johnson until he observed the plaintiff on the second day of trial.

The issues on appeal are: (1) whether the court erred in excluding the impeachment testimony of witness Roger Schone; and (2) whether the court erred in permitting evidence of the net worth of defendant National and submitting punitive damages where plaintiff submitted his cause of action solely on the basis of general negligence relying on the doctrine of res ipsa loquitur.

The trial court is vested with broad discretion to admit or reject testimony of a previously undisclosed witness whose identity may have been requested by interrogatory, and this court reviews only for abuse of that discretion. *State ex rel. Norfolk and W. Ry. Co. v. Dowd*, 448 S.W.2d 1, 4 (Mo. banc 1969). "The primary purpose of interrogatories is to aid the litigants to find out *prior to the trial* what the facts are, so that controversial issues can be ascertained and the preparation for trial and the trial limited to them all to the end of obtaining substantial justice between the party's litigant . . ." *State ex rel. Norfolk and W. Ry. Co.*, 448 S.W.2d at 4. To further this aim, among others, Supreme Court Rule 56.01(e)(1) requires, "a continuing duty" to supplement answers with any after-acquired information.

*Crompton v. Curtis-Toledo, Inc.,* 661 S.W.2d 645, 650 (Mo.App.1983). Nevertheless, a party need not supplement with information which is mere conjecture or speculation. *See State ex rel. Hof v. Cloyd,* 394 S.W.2d 408, 411 (Mo. banc 1965). In the *Hof* case, the Supreme Court held that an interrogatory requesting the names of persons known to the defendant to have witnessed prior events must be disclosed. However, only "if the information sought is a factual matter within the knowledge of the party interrogated or his attorney . . ." must it be disclosed.

In the present case, plaintiff's interrogatory reads:

State the name, address, telephone number of employees, agents or representatives of Defendant NATIONAL *known* to Defendant NATIONAL who have had personal contact with Plaintiff either prior to or after the occurence mentioned in these pleadings as well as the date or dates such contact took place. (emphasis ours)

The record reveals no failure on the part of defendant to disclose known facts. The record does not disclose when defendant first suspected plaintiff's duplicity, but defendant simply did not know the required facts until 10:30 a.m. on the second day of trial when the witness Roger Schone appeared in court and identified plaintiff as the same individual who had made a subsequent claim under a different name, using a different address and different social security number. Any uncertainty of plaintiff's identity could only have been the product of plaintiff's own deception. Defendant was not required to supplement its answer to interrogatories solely on the basis of suspicion, conjecture or speculation. *Hof,* 394 S.W.2d at 411. We find that the court abused its discretion in excluding the witness where there was no record that the defendant had actual knowledge of the facts it suspected at a time before trial, creating a resulting duty to supplement its answer to the interrogatory. Absent plaintiff showing that defendant possessed such knowledge, the court erred in excluding the

testimony of the witness in a civil case. Accordingly, defendant is entitled to a new trial. Obviously, the issue has now been removed for purposes of re-trial.

■ Defendant also claims that the court erred in permitting evidence of the net worth of defendant and submitting punitive damages where plaintiff elected to submit solely on the basis of general negligence relying on the doctrine of res ipsa loquitur. We believe the court did err in submitting the issue of punitive damages, and accordingly, the net worth issue is automatically resolved.

Negligence was defined in the instructions to be, "That degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances." The verdict directing instruction required the jury to find that defendant National controlled or had the right to control the canopy; a portion of the canopy fell and struck plaintiff; and from the facts in evidence and the reasonable inferences therefrom the occurrence was the direct result of defendant National's negligence resulting in plaintiff's injury. The verdict for the plaintiff on these instructions was a finding of a breach of duty of ordinary care.

Read together these two instructions show clearly that the jury was not required to find, and did not find, any act of specific negligence. For this reason, it was error for the court to also submit an instruction which read:

. . . if you believe the conduct of defendant as submitted in (verdict directing instruction) showed complete indifference to or conscious disregard for the safety of others, then in addition to any damages to which you may find plaintiff entitled under (damages instruction) you may award plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish defendant and to deter it and others from like conduct.

It is unnecessary for us to decide that in all cases as a matter of law, a general negligence verdict directing instruction, re-

lying on res ipsa loquitur, will not support punitive damages. These instructions simply did not require the jury to find, and it did not find, any conduct by defendant other than control or right to control the canopy.

This court noted that, "An act or omission, though properly characterized as negligent, may manifest such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted ..." and punitive damages are permissible. *Melchior v. Madesco Corp.*, 622 S.W.2d 362, 365 (Mo. App.1981); *Reel v. Consolidated Inv. Co.*, 236 S.W. 43, 46 (Mo.1921). But in the present case, the jury was not asked to find any act or omission which amounted to reckless indifference.

Plaintiff's negligence theory relied upon the duty of National as a landowner to make safe its premises for plaintiff as an invitee or to warn plaintiff of a known or knowable danger. Plaintiff made a submissible case of general negligence and was entitled to the inference of negligence recognized by res ipsa loquitur. However, in electing to submit only on this theory the plaintiff recognized that it could not prove and did not prove the specific cause of the injury. Absent proof of the specific cause, there was no showing that the act or omission was a matter of reckless indifference so as to justify a submission of punitive damages. A finding of a breach of duty of ordinary care is inadequate for this purpose.

Because of the manner in which the plaintiff submitted the issue, is unnecessary for us to rule that as a matter of law a res ipsa loquitur submission of general negligence cannot support punitive damages. A punitive damage submission rests upon proof of acts or omissions which are matters of gross negligence, willful misconduct, or reckless indifference. If such acts are proven and clearly establish the specific cause of injury, then the presumption or inference disappears and a res ipsa loquitur submission would fail. *Racer v. Utterman*, 629 S.W.2d 387, 397 (Mo.App.1981).

In the present case, plaintiff proved defendant knew of the situation and recognized its danger because defendant made efforts to notify the landlord and request repair. However, this was not proof of the specific cause of the collapse of part of the canopy. Plaintiff's proof did not destroy but reinforced the inference that defendant as a landowner failed to make safe its store entryway. Accordingly, the res ipsa loquitur submission was not overcome by proof of specific acts or omissions. *See Rea v. St. Louis-San Francisco Railway Co.*, 411 S.W.2d 96, 99 (Mo.1967). Having elected to rely on the res ipsa loquitur doctrine to support a verdict of negligence and damages, plaintiff cannot also argue that he has shown that specific acts or omissions may be found to have been active gross negligence, willful misconduct or reckless indifference.

We reverse and remand for a new trial.

GARY M. GAERTNER, J., concurs.

SIMON, J., concurs in result only.