Nathan **JOHNSON**,
Plaintiff–Respondent,

v.

**NATIONAL SUPER MARKETS, INC.**,
Defendant–Appellant.

No. 53121.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 22, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1988.

Application to Transfer Denied
July 26, 1988.

James Allan Gottschalk, St. Louis, for defendant-appellant.

James C. Brandenburg, Clayton, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, National Super Markets, Inc., appeals from a judgment in favor of plaintiff, Nathan Johnson, entered pursuant to a jury verdict. The jury awarded plaintiff $60,000 actual damages for injuries he sustained in October 1981, when plaster and cement fell on his head from the underside of an outdoor canopy of one of defendant's supermarkets.[1] We affirm.

In its first point, defendant claims that the trial court erred in excluding (1) portions of plaintiff's treating physician's deposition regarding the treatment of one Keith Johnson and (2) testimony regarding three subsequent claims made by plaintiff for injuries he sustained in three accidents which occurred after the incident giving rise to the present action.

■ We first address the issue of the exclusion of statements made by plaintiff's treating physician. That testimony pertained to his treatment of another patient by the name of Keith Johnson, who had previously settled a separate claim against defendant. The physician was unavailable at trial and his deposition was read into evidence. During portions of his deposition, the physician confused plaintiff's medical records with those of Keith Johnson. Defendant argues that this testimony should have been admitted for the purpose of impeaching the credibility of the physician's testimony that Keith Johnson and plaintiff were two different individuals. The crux of defendant's argument is that the deposition testimony could have permitted the jury to conclude that the physician "knowingly treated [plaintiff] under two different names so that [plaintiff] might

profit more" from two separate claims against defendant, one brought under the name of Nathan Johnson and one brought under the assumed name of Keith Johnson.

Although a trial court is vested with substantial discretion as to the scope and extent of cross-examination of a witness, that discretion should not be exercised to deny absolutely the right to disclose collateral matters bearing on the witness's credibility. *Myers v. City of Palmyra,* 431 S.W. 2d 671, 679 (Mo.App.1968). Here, the excluded testimony consisted of the physician's responses to questions by defense counsel about an exhibit. The physician identified the exhibit as plaintiff's medical records when in actuality the exhibit consisted of the medical records of Keith Johnson. The physician proceeded to answer questions about plaintiff based on information contained in Keith Johnson's records.

The argument that this testimony discredits the physician's testimony that Keith Johnson and plaintiff were not the same person is tenuous. The jury could just as easily have inferred that the physician was, in fact, confused when handed an exhibit about a patient, Keith Johnson, when the case involved another patient, Nathan Johnson. It is doubtful that confronting the physician with this type of inconsistency would lead the jury to believe that the physician was knowingly involved in concealing the dual identity of plaintiff.

In addition, defendant was not prejudiced by the exclusion of the allegedly contradictory deposition testimony. Clearly, the issue of the shared identity of plaintiff and Keith Johnson was before the jury. Defendant was permitted to cross-examine the physician in his deposition about his treatment of Keith Johnson and to elicit similarities between Keith Johnson and plaintiff regarding height, weight, birth date, employment, and home address. One witness who worked for defendant identified plaintiff as the Keith Johnson who had signed a release in 1982 for injuries relating to another incident at another of defendant's

---

1. This is defendant's second appeal. In the orginal appeal this court reversed the judgment of the trial court and remanded for a new trial.

*See Johnson v. National Super Markets, Inc.,* 710 S.W.2d 455 (Mo.App.1986).

stores. A handwriting expert testified as to the similarities between the signature of Keith Johnson and that of plaintiff. The testimony of two other witnesses regarding employment records also indicated the possibility that Keith Johnson and plaintiff were one and the same person. Given the trial court's admission of the above-mentioned evidence, there was no abuse of discretion in excising the controverted testimony from the physician's deposition testimony read to the jury.

We next consider the issue of the trial court's refusal to permit testimony about three subsequent claims [2] to which plaintiff was a party. Defendant asserts that evidence of subsequent claims should have been admitted because it was "relevant to causation and credibility."

With regard to credibility, defendant focuses on plaintiff's answers to specific interrogatory questions in which he denied having been injured in any occurrence "since the incident" in this case. Defendant contends that testimony by three independent witnesses as to subsequent claims made by plaintiff would have impeached plaintiff's credibility.

■ In order to impeach a witness with a prior inconsistent statement, it is axiomatic that a proper foundation be laid. The witness must be given a chance to refresh his recollection of the prior statement and to admit, deny, or explain it. *Frey v. Barnes Hosp.,* 706 S.W.2d 51, 55 (Mo.App.1986). To lay the requisite foundation, it is necessary to ask the witness whether he made the statement. *Id.* It is essential to quote the prior statement and to point out the precise circumstances under which it was made. *Id.*

■ In the present case, plaintiff was not confronted with his answers to the interrogatories and never had an opportunity to explain or to deny any inconsistent

statements contained therein. The only question asked during cross-examination which approximated a confrontation of plaintiff about his subsequent injuries is the following exchange:

> [Defense Counsel]: While you were being treated by Dr. Payne for the injuries resulting from this incident you didn't sustain any other injuries to your head, neck, or back, did you?
>
> [Plaintiff]: Not that I can remember.

That question, however, does not warrant the introduction of extrinsic evidence to impeach plaintiff. The offer of proof indicates that the three witnesses were testifying about three different injuries plaintiff sustained in 1986. Plaintiff's physician testified that he had treated plaintiff for less than one year for injuries plaintiff sustained in the 1981 accident. Plaintiff's denial at trial of any injuries sustained while he was under the physician's care in 1981–1982 could not be impeached by evidence of injuries he subsequently sustained in 1986.

■ Defendant's argument that evidence of subsequent injuries goes to the issue of causation is also without merit. Evidence of subsequent claims is admissible because (1) it bears upon plaintiff's credibility and (2) when a plaintiff is seeking to recover for a *permanent* injury, it bears upon the issue of causation. *Stanziale v. Musick,* 370 S.W.2d 261, 269 (Mo.1963); *see also Burrous v. American Airlines, Inc.,* 639 S.W.2d 263 (Mo.App.1982). Where there is no showing of fraud and there is nothing particularly unreasonable or improbable about the number or character of the claims, it is improper to admit evidence of other claims. *Dietz v. Southern Pacific Ry. Co.,* 28 S.W.2d 395, 397 (Mo.App.1930).

In *Burrous,* plaintiff, in the course of his employment, fell from a ladder and sustained injury to his lower back. Four days later, he fell while he was a passenger on defendant's airplane and allegedly injured

**2.** The three claims arose as a result of the following incidents: (1) on January 14, 1986, Nathan Johnson fell getting out of an elevator in a Famous Barr Department Store and injured his left shoulder and elbow (settlement of $570); (2) in July 1986, incident to his employment, Nathan Johnson fell and hurt his lower back and right leg (no final settlement but payments for medical treatment of $5,900 and for temporary total disability for five months of $4,500); and (3) on September 18, 1986, Nathan Johnson fell off an exercise bike purchased at Venture Department Stores and hurt his head, lower back, and shoulder (settlement of $5,000).

his lower back again. Evidence of plaintiff's worker's compensation settlement for a 10 percent permanent disability was properly admitted in the trial on the claim against the airline. This court opined:

> An alleged tortfeasor may ... introduce evidence to show that he did not cause the plaintiff's injury, but that the injury and damages sued for were pre-existing or caused by some unrelated event. Such evidence may be prior claims by the plaintiff against other tortfeasors for similar injuries, or a settlement of such a claim as compensation for earlier injuries. Admission of such evidence is predicated on some conflict or inconsistency between the plaintiff's claim or theory of causation in his suit against the defendant and his earlier claims or admissions. If a plaintiff asserts that a defendant is responsible for an injury to a particular part of his body, the defendant is entitled to show that on another occasion the plaintiff attributed injury to the same part of his body to a different person or event. Such evidence is relevant to the central issue of causation and is not 'collateral' to plaintiff's cause of action against the defendant.

*Id.* at 266 (citations and footnote omitted).

■ *Burrous* is not dispositive of the issue before us. In contrast to *Burrous*, the three claims arose *after* the present accident, not prior to it. All three incidents occurred approximately five years after the accident giving rise to the present claim, not in close proximity to it. The parts of the body allegedly injured in those accidents were not identical to those injured in the case before us.

In addition, none of the injuries sought to be admitted have any bearing on the causation of the injury at issue. Plaintiff is not seeking to recover for a permanent injury. *Compare Stanziale,* 370 S.W.2d at 267–268. He admits that he fully recovered from the 1981 accident and that he returned to work in 1982. Further, no fraud practiced by plaintiff was ever established in the matter before the court. *See, e.g., Overfield v. Sharp,* 668 S.W.2d 220, 223 (Mo.App.1984).

To permit evidence of subsequent claims under the facts of this case would merely raise the specter of plaintiff as a chronic litigant. If there is any connection between plaintiff's present claim and his three subsequent claims, it is tenuous. The trial court did not abuse its discretion in rejecting the proffered evidence. Defendant's first point is denied.

In its second point, defendant claims error in the trial court's admitting into evidence plaintiff's employer's testimony from the previous trial of this action. The testimony was used to establish plaintiff's lost wages. Defendant argues that plaintiff's employer's failure to appear as a witness in response to a subpoena did not qualify him as unavailable under Rule 57.07 and denied defendant the opportunity to cross-examine him.

■ Defendant objected at trial to the admission of the employer's prior trial testimony on the basis that counsel was "not aware of any rule that would allow defendant to take this particular course of action...." This objection fails to articulate the rule of evidence being invoked and why that rule of evidence precludes the admission of plaintiff's employer's prior trial testimony. If the trial objection is not specific or does not contain the proper ground for its exclusion, nothing is preserved for appellate review. *William v. John Hancock Mutual Life Ins. Co.,* 718 S.W.2d 611, 614 (Mo.App.1986). There was no error in admitting the testimony in the absence of proper objection. *See, e.g., Leh v. Dyer,* 643 S.W.2d 65, 68 (Mo.App.1982). Defendant's second point is denied.

In its third point, defendant asserts that the trial court erred in denying its motions for directed verdict and for judgment notwithstanding the verdict because plaintiff failed to make a submissible case under the doctrine of res ipsa loquitur. This court implicitly held that plaintiff made a submissible case on the theory of res ipsa loquitur when it reversed and remanded the case for a new trial in *Johnson v. National Super Markets, Inc.,* 710 S.W.2d 455 (Mo. App.1986). This court stated: "Plaintiff made a submissible case of general negli-

gence and was entitled to the inference of negligence recognized by res ipsa loquitur." *Id.* at 458. Defendant's third point is denied.

 In its fourth point, defendant challenges the trial court's submitting Instruction No. 7 because that instruction did not require defendant to have exclusive control of the instrumentality, a requisite element of res ipsa loquitur. This instruction conforms to MAI 31.02(3) the approved verdict directing instruction for a res ipsa loquitur case. The pattern instruction does not require exclusive control of the instrumentality. When an approved instruction is applicable, that instruction shall be given. Rule 70.02(b). Defendant's fourth point is denied.

Defendant's fifth allegation of error is that the trial court erred in admitting into evidence three letters from defendant to its landlord concerning defects in the outdoor canopy. Defendant argues that these letters were inadmissible because they were not relevant and because they proved specific negligence, which negates a res ipsa loquitur theory.

This court previously addressed and decided this issue in *Johnson*, 710 S.W.2d at 458:

> In the present case, plaintiff proved defendant knew of the situation and recognized its danger because defendant made efforts to notify the landlord and request repair. However, this was not proof of the specific cause of the collapse of part of the canopy. Plaintiff's proof did not destroy but reinforced the inference that defendant as a landowner failed to make safe its store entryway. Accordingly, the res ipsa loquitur submission was not overcome by proof of specific acts or omissions.

Defendant's fifth point is denied.

In its final point, defendant charges that the trial court erred in denying its motion for new trial because the verdict was excessive. An extended discussion of this point would serve no jurisprudential purpose and is therefore denied pursuant to Rule 84.-16(b).

The judgment of the trial court is affirmed.

SIMON, P.J., and GRIMM, J., concur.